UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| JOHN CLARENCE JOHNSON, JR., ) | Civil Action No. 6:24-cv-7370-BHH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| MEGAN ASHLEY RUSHTON and ) | |
| TURNER PADGET LAW FIRM, ) | |
| ) | |
| Defendants. ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, originally filed this action in the Court of Common Pleas, Greenville County, South Carolina, alleging violations of the Privacy Act of 1974 and 18 U.S.C. § 1028. Defendant Turner Padget Law Firm removed the action to this court pursuant to 28 U.S.C. § 1441, asserting federal question jurisdiction under 28 U.S.C. § 1331. Presently before the Court is Defendant Turner Padget's Motion to Dismiss (ECF No. 6). Because he is proceeding pro se, Plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion to dismiss could result in the motion being granted and his claims dismissed. After requesting an extension of time, Plaintiff filed his Response (ECF No. 17). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

1

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that on October 28, 2021, during court proceedings, his sensitive information--including his full name, date of birth, Social Security number, and home address—was publicly disclosed in an open courtroom to the jury, all court personnel, and everyone else in the courtroom at that time. He did not give permission for his information to be disclosed. Since that time, he has been inundated with mail and unsolicited phone calls from financial institutions erroneously stating that he is late with payments and his credit scores have taken a substantial hit. He seeks damages from Defendants Megan Ashley Rushton and Turner Padget in the amount of $250,000 for their significant violation of his privacy. Compl. (ECF No. 1-1).

## III. STANDARD OF REVIEW

Defendants move to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(5) and 12(b)(6). A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

2

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

"A Rule 12(b)(5) motion is a proper means of raising any procedural defense related to service." Wilson v. Kenny, 941 F.2d 1208 (4th Cir. 1991). A United States district court can grant a defendant's Rule 12(b)(5) motion to dismiss if the district court deems that there was insufficient service of process. See Hyman v. City of Gastonia, 466 F.3d 284, 286 (4th Cir. 2006). A plaintiff bears the burden of establishing that service of process has been perfected in accordance with the requirements of Rule 4. Scott v. Maryland State Dep't of Labor, 673 Fed. Appx. 299, 303 (4th Cir. 2016) (citing Dickerson v. Napalitano, 604 F.3d 732, 752 (2d Cir. 2010)). "Absent waiver or

consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

## IV. DISCUSSION

The Privacy Act of 1974, 5 U.S.C. § 552a, governs the collection, maintenance, use, and dissemination of information about individuals where such information is maintained in systems of records by federal agencies. 5 U.S.C. § 552a; see also, e.g., F.A.A. v. Cooper, 566 U.S. 284, 287 (2012) ("The Privacy Act of 1974, codified in part at 5 U.S.C. § 552a, contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies.") (emphasis added).   Plaintiff does not allege that Turner Padget is a federal agency, that it was working with any federal agency, or that Defendant Rushton was working for a federal agency at the time of the alleged disclosure.   Thus, this statute is inapplicable to Defendants, and dismissal is appropriate.

Likewise, 18 U.S.C. § 1028, a criminal statute, is inapplicable to Defendants.   That statute makes it a crime to engage in fraud and certain related activities "in connection with identification documents, authentication features, and information." The purpose of the statute is "to address the increasing use of false identification documents to facilitate crimes." U.S. v. Luke, 628 F.3d 114, 119 (4th Cir. 2010). Under certain circumstances, it is a crime to "knowingly" "produce," "transfer," or "possess" an "identification document," "authentication feature," or "false identification document" "without lawful authority." 18 U.S.C. § 1028(a), (c).   There are no such allegations in Plaintiff's complaint.   Further, there is no private right of action under 18 U.S.C. § 1028. Cole v. Montgomery, No. 4:14-cv-4462-RMG, 2015 WL 2341721, at *2 (D.S.C. May 12, 2015); Rahmani v. Resorts Int'l Hotel Inc., 20 F.Supp.2d 932, 937 (E.D.Va. 1998), aff'd, 182 F.3d

4

909 (4th Cir. 1999).  Thus, Plaintiff cannot assert a civil action against Defendants pursuant to this statute and dismissal is appropriate.[1]

Plaintiff asserts additional facts and violations in his Response.  However, Plaintiff cannot amend the allegations of his Complaint through his Response. See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184–85 (4th Cir. 2013) (citations omitted) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."); Marsh v. Virginia Dep't of Transp., No. 6:14-CV-00006, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Further, the new facts asserted in the Response, providing more detail as to how Plaintiff's sensitive information was revealed during trial, still do not give rise to claims under either the Privacy Act of 1974 or 18 U.S.C. § 1028. Likewise, the new statute and rule cited in Plaintiff's Response-- the South Carolina Family Protection Act, S.C. Code Ann. §§ 30-2-10, et seq. ("Family Protection Act") and Rule 1.6 of the South Carolina Rules of Professional Conduct—do not give rise to private rights of action.  See Dema v. Tenet Physician Servs.-Hilton Head, Inc., 383 S.C. 115, 121, 678 S.E.2d 430, 433 (2009); Rule 407, SCACR: Scope ¶ 7.  Thus, even if Plaintiff had properly alleged these facts and claims in his Complaint, this action would still be subject to dismissal.

---

[1] Turner Padget also argues that dismissal is appropriate pursuant to Rule 12(b)(5) because it was not properly served.  The Affidavit of Service (ECF No. 1-1), indicates only that the Summons and Complaint were delivered to the Turner Padget office in Greenville, South Carolina, and left with "(secretary) Anna Vedane," who Turner Padget asserts is not an authorized agent for purposes of accepting service of process on behalf of the firm.  Further, Defendant Rushton has not made an appearance in this action, and there is no evidence in the record that she has been served.  Plaintiff has failed to show that service of process has been perfected in accordance with the requirements of Rule 4. Scott, 673 Fed. Appx. at 303 (providing that it is the plaintiff's burden to establish proper service once it has been challenged by the defendant).

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Turner Padget's Motion to Dismiss (ECF No. 6) be granted and this case be dismissed in its entirety.

                                                      s/Thomas E. Rogers, III
                                                      Thomas E. Rogers, III
                                                      United States Magistrate Judge

April 24, 2025
Florence, South Carolina

**The parties are directed to the important information on the following page.**