IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Clarence Johnson, Jr., ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. 6:24-cv-7370-BHH <br> v. ) <br> ) **ORDER** <br> Megan Ashley Rushton and ) <br> Turner Padget Law Firm, ) <br> ) <br> Defendants. ) <br> _____) | |

This matter is before the Court upon Plaintiff John Clarence Johnson, Jr.'s ("Plaintiff") *pro se* complaint, which alleges violations of the Privacy Act of 1974 and 18 U.S.C. § 1028. (ECF No. 1-1.) After removing the case to this Court, Defendant Turner Padget Law Firm ("Turner Padget") filed a motion to dismiss. (ECF No. 6.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On April 24, 2025, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Turner Padget's motion and dismiss this case in its entirety. (ECF No. 20.) Specifically, the Magistrate Judge found that the Privacy Act of 1974, which governs the collection and use of information about individuals where such information is maintained in systems of records by federal agencies, does not apply to Defendants, as Plaintiff does not allege that Defendants are federal agencies or where somehow working with federal agencies. (*Id.* at 4.) In addition, the Magistrate Judge found that 18 U.S.C. § 1028, which is a criminal statute, does not apply because there is no private right of action under § 1028 and Plaintiff

cannot assert a civil action against Defendants under § 1028.  (*Id.* at 4-5.)  As to any additional facts or alleged violations alleged by Plaintiff in response to Turner Padger's motion, the Magistrate Judge explained that Plaintiff cannot amend the allegations of his complaint through a response, and, regardless, the additional facts do not give rise to private causes of action against Defendants.  (*Id.* at 5.)

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.[1]  On May 8, 2025, Plaintiff filed objections to the Report, and he filed a motion to amend his objections on May 15, 2025.  (ECF Nos. 22, 24.)  In his objections and his amended objections, however, Plaintiff does not point to any legal or factual errors in the Magistrate Judge's analysis; instead, he merely rehashes his claim that Defendants improperly exposed his personal information and asserts that there are federal and state laws that protect an individual's personal information.  (*See* ECF No. 22 at 2-4.)  Critically, nowhere does Plaintiff explain how the Privacy Act of 1974 applies to Defendants' alleged conduct (as Defendants are not federal agencies and were not working with federal agencies); nor does Plaintiff explain how he can assert a *civil* cause of action against Defendants under § 1028, which is a criminal statute.

---

[1] The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After *de novo* review, the Court finds Plaintiff's objections unavailing, and the Court fully agrees with the Magistrate Judge's analysis. As such, the Court overrules Plaintiff's objections and his amended objections, and the Court adopts the Magistrate Judge's Report in full.

**Based on the foregoing, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 20); the Court overrules Plaintiff's objections and his amended objections (ECF Nos. 22, 24); the Court grants Turner Padget's motion for summary judgment (ECF No. 6); and the Court dismisses this case in its entirety.**

      **IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 15, 2025
Charleston, South Carolina